UNITED STATES DISTRICT COURT FOR THE MIDDLE OF DISTRICT OF FLORIDA

RONALD LEWIS MATTIE
99 King Street, #721
Saint Augustine, Florida 32084

Mail All Pleadings and Filings to:
P.O. Box 721
Saint Augustine, Florida 32085

                                    Plaintiff              C/A No.

  vs.

                                                           3:21 CV1264·MMH·LLL

SEQUAL YOUTH AND FAMILY SERVICES, LLC.,
   DBA ST. JOHN'S YOUTH ACADEMY
4500 Avenue D
Saint Augustine, Florida 32095

Serve on Resident Agent:
Tom Kenny
1131 Eagletree Lane
Huntsville, Alabama 35801

                                    Defendant

SEQUELCARE OF FLORIDA, LLC
3491 Gandy Boulevard
Suite 201
Pinellas Park, Florida 33781

Serve on Resident Agent:
Corporation Service Company
1201 Hays Street
Tallahassee, Florida 32301

                                    Defendant

ORVANDO FREEMAN,
Individually and as his official capacity as
Director of Sequel Youth and Family Services, Inc.
and SequelCare of Florida, LLC
4500 Avenue D
Saint Augustine, Florida 32095

                                    Defendant

-1-

∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎

## COMPLAINT

Plaintiff Ronald Lewis Mattie does hereby file this Federal Complaint and as grounds of support says:

## PARTIES

1. Plaintiff Ronald Lewis Mattie currently resides in the State of Florida.

2. Plaintiff Ronald Lewis Mattie has resided in the State of Florida the last five (5) out of six (6) years.

3. Plaintiff Ronald Lewis Mattie was a Youth Care Worker employee for Defendant Sequel Youth and Family Services, LLC. from February 20, 2020 to May 20, 2020.

4. Plaintiff Ronald Lewis Mattie was a Youth Care Worker employee for Defendant SequelCare of Florida, LLC. from February 20, 2020 to May 20, 2020.

5. On May 20, 2020 Plaintiff Ronald Lewis Mattie was fifty nine (59) years old.

6. Plaintiff Ronald Lewis Mattie was wrongfully terminated from his employment with Defendant Sequel Youth and Family Services, LLC on May 20, 2020.

7. Plaintiff Ronald Lewis Mattie was wrongfully terminated from his employment with Defendant SequelCare of Florida, LLC on May 20, 2020.

8. Defendant Florida Department of Juvenile Justice owes the public a

-2-

duty to protect the public welfare as well as rehabilitate the young juvenile delinquents in their custody.

9. Defendant Sequel Youth and Family Service, LLC is a contractor for Defendant Florida Department of Youth and Family Services, LLC.

10. Defendant SequelCare of Florida, LLC is a contractor for Defendant Florida Department of Youth and Family Services, LLC.

11. All Defendant Youth and Family Services, LLC employees identified in this Complaint were acting within the scope of their employment with Defendant Youth and Family Services, LLC at all times described and addressed herein.

12. All Defendant SequelCare of Florida, LLC employees identified in this Complaint were acting within the scope of their employment with Defendant Sequel Care of Florida, LLC at all times described and addressed herein.

13. Defendant Sequel Youth and Family Services, LLC owes the public a duty to protect the public welfare as well as rehabilitate the young juvenile delinquents in their custody.

14. Defendant SequelCare of Florida, LLC owes the public a duty to protect the public welfare as well as rehabilitate the young juvenile delinquents in their custody.

15. Defendant Sequel Youth and Family Services, LLC runs and operates a ***"maximum-security"*** juvenile detention facility known as St.

-3-

Johns Youth Academy.

16. Defendant SequelCare of Florida, LLC runs and

    operates a *"maximum-security"* juvenile detention facility known as St.

    Johns Youth Academy.

17. Defendant Sequel Youth and Family Services, LLC is a quasi-

    government entity.

18. Defendant SequelCare of Florida, LLC is a quasi-

    government entity.

19. Defendant Sequel Youth and Family Services, LLC is a Delaware

    Corporation with its Corporate Headquarters in Huntsville, Alabama.

20. Defendant Sequel Youth and Family Services, LLC operates and runs

    *"maximum security facility "*St. John's Youth Academy in St. John's

    County Florida.

21. Defendant SequelCare of Florida, LLC operates and runs  *"maximum-*

    *security facility"* St. John's Youth Academy in St. John's County Florida.

22. Defendant SequelCare of Florida, LLC is a Florida Corporation with its

    Corporate Headquarters in Pinellas Park, Florida.

23. All the juvenile delinquents identified in this Complaint in anyway were being

    incarcerated at the *"maximum-security"* facility known as St. Johns Youth

    Academy.

24. Many of the juvenile delinquent youths have committed serious enough

crimes to be sent to the *"maximum-security"* facility known as St. Johns

Youth Academy.

25. Numerous of the juvenile delinquent youths being detained in the St. Johns

Youth Facility are there for attempted murder, auto theft and other serious

felony crimes.

26. Defendant Orvando Freeman is an employee of Defendant Sequel

Youth and Family Services, LLC

27. Defendant Orvando Freeman is an employee of Defendant Sequel

Care of Florida, LLC.

28. Defendant Orvando Freeman is the Director of Sequel Youth and Family

Services, Inc. *"maximum security facility"* at St. John's Youth Academy in

Saint Augustine, Florida.

29. Defendant Orvando Freeman is the Director of SequelCare of Florida, LLC.

*"maximum security facility"* at St. John's Youth Academy in Saint

Augustine, Florida.

<u>FEDERAL JURISDICTION</u>

30. Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to

12117.

31. The Equality Act of 2010.

32. 4th , 5th and 14th Amendments to the United States Constitution.

33. Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

34. Title VII of the Civil Rights Act of 1964, as amended and the Americans with Disability Act Amendments Act. (ADAAA) of 2008.

35. The State causes of action are ancillary to the federal Disability and Civil Rights violations and federal counts.

36. 28 USC Section 1332 Diversity of Citizenship

<u>EXHAUSTION OF FEDERAL ADMINISTRATION REMEDIES</u>

37. Charges were filed on July 21, 2020 and August 26, 2020 by the Equal Employment Opportunity Commission Prescreening Investigator for and by the Equal Employment Opportunity Commission regarding the facts set forth in this Complaint.

38. Plaintiff Ronald Lewis Mattie provided the EEOC with a very factually detailed fourteen (14) page detailed letter dated June 12, 2020 to Brian Berkowitz, Esquire.

39. The EEOC refused to follow Plaintiff Ronald Lewis Mattie's fourteen (14) page detailed letter dated June 12, 2020 to Brian Berkowitz, Esquire.

40. The EEOC Case #s are 510-2020-05466 and 510-2020-04858.

41. Plaintiff filed a forty-eight (48) page Fact and Legal Memorandum in Opposition to the Response filed by Defendant Sequel Youth and Family

Services, LLC in EEOC Case # 510-2020-05466.

42. *"Maximum security facility"* St. John's Youth Academy filed absolutely no response whatsoever to claim 510-2020-04858.

43. The EEOC *intentionally* did not file any claim whatsoever against Defendant Sequel Care of Florida, LLC.

44. Plaintiff Ronald Lewis Mattie's forty-seven (47) page fact and Legal Memorandum in Opposition to the Response gave *a road map of evidence* to be obtained from the EEOC to prove each and everyone of Plaintiff Ronald Lewis Mattie's Claims set forth in this Complaint.

45. That investigator Pablo Alfonso, his Supervisor Twanya Westmoreland, Miami District Director Paul Valenti and District Lawyer Miguel Escobar, Esquire, despite repeated demands by Plaintiff Ronald Lewis Mattie refused to refused to subpoena Plaintiff's time record.

46. That investigator Pablo Alfonso, his Supervisor Twanya Westmoreland, Regional Director and Regional Lawyer Miquel Escobar, Esquire, despite repeated demands by Plaintiff Ronald Lewis Mattie refused and continue to refuse to talk to the two (2) independent corroborating witnesses.

47. That investigator Pablo Alfonso, his Supervisor Twanya Westmoreland, Regional Director and Regional Lawyer Miguel Escobar, Esquire despite repeated demands by Plaintiff Ronald Lewis Mattie refused to subpoena or obtain all the relevant video.

-7-

48. That investigator Pablo Alfonso, his Supervisor Twanya Westmoreland, Regional Director Escobar, Esquire and Regional Lawyer despite repeated demands by Plaintiff Ronald Lewis Mattie to follow Ronald Lewis Mattie's evidence road map set out in his forty-seven (48) page fact and Legal Memorandum in Opposition to Defendant Sequel Youth and Family Services, LLC dated June 16, 2021.

49. The EEOC **unethically** refused to in good faith investigate either case.

50. After repeatedly refusing to investigate in good faith the EEOC issued a No Determination and Right to Sue Letter on this case issued on September 28, 2021.

51. All the EEOC's actions in this matter were **intentional, malicious and unethical.**

52. The EEOC made every effort in its power to **fraudulently cover-up** these matters.

53. The EEOC only brought an action against the DBA name Sequel Youth and Family Services.  They never brought an action against SequelCare of Florida, LLC, Sequel Youth and Family Services,LLL or Orvando Freeman. .

54. The EEOC **only resolves and settles one (1) percent of the matters brought before it.**

55. The EEOC is supposed to be policing discriminatory misconduct in the work place.  Not covering up for Corporate America's lawless evil.

56. Plaintiff Ronald Lewis Mattie was employed and almost all events related to this matter and Cause of Actions set forth below occurred in St. John's County, Florida.

## FACTS COMMON TO ALL COUNTS

57. The juvenile delinquent youths at the *"maximum security"* St. John's Youth Academy are allowed to physically assault and verbally abuse the Youth Care Workers at their will.

58. The juvenile delinquent youths at the *"maximum security"* St. John's Youth and Family Services, Inc. committed unfretted misconduct, unfretted verbal abuse, physical batteries and threats of capital felony crimes without proper discipline being enforced at the St. Johns Youth facility in Saint Augustine, Florida.

59. The juvenile delinquent youths are controlling and running the juvenile *"maximum-security"* facility by inflicting fear and violence on The Youth Care Workers at St. John's Youth Academy.

60. Defendant Director Orvando Freeman and his employer Defendant Sequel Youth and Family Services, LLC are allowing the juvenile delinquents to inflict fear and violence of The Youth Care Workers at St. John's Youth Academy because they keep getting sued by the juvenile delinquents in State after State.

61. Defendant Director Orvando Freeman and his employer Defendant Sequel-

Care of Florida, LLC and violence of The Youth Care Workers at St. John's Youth Academy because they keep getting sued by the juvenile delinquents in State after State.

62. Defendant Director Orvando Freeman and his employer Defendant Sequel Youth and Family Services, LLC *are allowing statutory rapes* by counselors of the juvenile delinquents at *"maximum security"* St. John's Youth Academy because they keep getting sued by the juvenile delinquents in State after State.

63. Defendant Director Orvando Freeman and his employer Defendant Sequel-Care of Florida, LLC *are allowing statutory rapes* by counselors of the juvenile delinquents at *"maximum security"* St. John's Youth Academy because they keep getting sued by the juvenile delinquents in State after State.

64. Defendant Sequel Youth and Family Services, LLC has a duty to rehabilitate the juvenile delinquents being graciously given multiple chances at *"maximum security"* St. John's Youth Academy.

65. Defendant SequelCare of Florida, LLC has a duty to rehabilitate the juvenile delinquents being graciously given multiple chances at *"maximum security"* St. John's Youth Academy.

66. Due to the *"incompetence"* of Defendant Sequel Youth and Family

Services, LLC the same juvenile delinquents keep coming back and back to the *"maximum security"* St. John's Youth Academy.

67. Due to the *"incompetence"* of Defendant SequelCare of Florida, LLC the same juvenile delinquents keep coming back and back to the *"maximum security"* St. John's Youth Academy.

68. Defendant Sequel Youth and Family Services, LLC has a duty to protect the public and public welfare.

69. Defendant SequelCare of Florida, LLC has a duty to protect the public and public welfare.

70. Defendant Sequel Youth and Family Services, LLC has violated its duty to rehabilitate the juvenile delinquents being St. John's Youth Academy.

71. Defendant SequelCare of Florida, LLC has violated its duty to rehabilitate the juvenile delinquents being St. John's Youth Academy.

72. Defendant Sequel Youth and Family Services, Inc. has violated its duty to protect the public welfare.

73. Defendant SequelCare of Florida, LLC has violated its duty to protect the public welfare.

74. Plaintiff Ronald Lewis Mattie was hired as a Youth Care Worker by Defendant Sequel Youth and Family Health Services, LLC to work at the St. John's Youth Facility.

75. Plaintiff Ronald Lewis Mattie was hired as a Youth Care Worker by

Defendant SequelCare of Florida, LLC to work at the St.

John's Youth Facility.

76. After Plaintiff Ronald Lewis Mattie started on February 17,2020.

77. Plaintiff Ronald Lewis Mattie went through training for the three (3) weeks.

78. The training was taught by Leo Dawson.

79. Leo Dawson was the Director of Training for Defendant Sequel Youth and

Family Services, Inc. at the St. John's Youth Facility.

80. Leo Dawson was the Director of Training for Defendant SequelCare of

Florida, LLC.

81. Leo Dawson taught us all about Defendant Sequel Family Services, LLC

policy manual.

82. Leo Dawson taught us all about Defendant SequelCare of Florida, LLC's

policy manual.

83. On Friday March 6, 2020, Plaintiff Ronald Lewis Mattie was supposed to

start on one of the PODs at St. John's Youth Facility as a Youth Care

Worker for his first twelve (12) hour shift.

84. On Friday March 6, 2020, Plaintiff Ronald Lewis Mattie had a serious

dangerous Blood Sugar Level Spike up to 880.

85. As a result of the extremely high blood sugar level of 880, Plaintiff Ronald

Lewis Mattie was hospitalized the entire weekend with Type Two (2)

Diabetes until released on the afternoon of Sunday March 8, 2020.

86. Medical documents were provided to Defendant Sequel Youth and Family

    Health Services, LLC Human Resource Manager Jennifer West upon

    Plaintiff Ronald Lewis Mattie's return to work.

87. Medical documents were provided to Defendant SequelCare of Florida, LLC

    Human Resource Manager Jennifer West upon Plaintiff Ronald Lewis

    Mattie's return to work.

88. The Doctors' instructions in the medical records provided to Defendant

    Sequel Youth and Family Services, LLC made clear that Plaintiff Ronald

    Lewis Mattie **"could only work as tolerated."**

89. The Doctor's instructions in the medical records provided to Defendant Sequel-

    Care of Florida, LLC made clear that Plaintiff Ronald Lewis Mattie "**could _only_**

    **work as tolerated."**

90. The Doctors' instructions in the medical records made clear that it was

    imperative for Plaintiff Ronald Lewis Mattie "**only to work as tolerated in**

    **order to control his Type 2 Diabetes."**

91. Despite being made aware of Plaintiff Ronald Lewis Mattie's Type 2

    Diabetes. Plaintiff Ronald Lewis Mattie was continually and repeatedly

    **"falsely imprisoned"** after his twelve (12) hour shift was up and not allowed

    to leave for hours at time.

92. Defendant Sequel Youth and Family Services, LLC. allowed **their "black**

*African American Friends"* friends to show up any time they wanted often and

repeatedly hours late for work.

93. Defendant SequelCare of Florida, LLC. allowed *their "black*

*African American Friends"* friends to show up any time they wanted often and

repeatedly hours late for work.

94. The late arriving Defendant Sequel Youth and Family Services, Inc.'s "*black*

*African American employees"* were never disciplined for showing up late to

work.

95. The late arriving Defendant SequelCare of Florida, Inc.'s "*black*

*African American employees"* were never disciplined for showing up late to

work.

96. Plaintiff Ronald Lewis Mattie was also repeatedly the last person allowed to

be relieved long after his shift had ended past his *"medical tolerance level*."

97. On May 20, 2020 Plaintiff Ronald Lewis Mattie's last day of work, he was

the only white remaining Youth Care Worker left at the St. John's Youth

Academy.

98. Defendant Sequel Youth and Family Services, LLC "*were repeatedly letting*

*black and hispanic Youth Care Workers with no medical conditions be*

*relieved before Plaintiff Ronald Lewis Mattie*" while he was working at St.

John's Youth Academy.

99. Defendant SequelCare of Florida, LLC "*were repeatedly letting*

*black and hispanic Youth Care Workers with no medical conditions be*

*relieved before Plaintiff Ronald Lewis Mattie"* while he was working at St.

John's Youth Academy.

100. Plaintiff Ronald Lewis Mattie was subjected to repeated "*reverse racism"* on

numerous occasions at the St. Johns Youth Academy.

101. One of the two black kitchen ladies (unidentified employee #2 1the short

dumpy one) "*repeatedly refused to provide Plaintiff with breakfast*." Even

though a ticket for his breakfast had been provided.

102. On May 20, 2020 one of the black kitchen ladies (unidentified employee #1)

#1/the short dumpy one), "*refused to originally provide Plaintiff Ronald*

*Lewis  Mattie with breakfast needed to elevate his blood sugar out of the*

*danger coma zone,* despite being made aware of the seriousness of Plaintiff

Ronald Lewis Mattie's life-threatening situation.

103.  On May 20, 2020 one of Defendant Sequel Youth and Family Services,

Inc.'s black kitchen ladies (Fictious Defendant #1/the short dumpy one) gave all

the other black and hispanic employees breakfast.

104. On May 20, 2020 one of Defendant SequelCare of Florida, LLC

Inc.'s black kitchen ladies (unidentified employee #1/the short dumpy one)

gave all the other black and hispanic employees breakfast, except Plaintiff

Ronald Lewis Mattie.

105.  Before May 20, 2020 the unidentified employee #1 short dumpy black lady

-15-

knew Plaintiff Ronald Lewis Mattie had diabetes and had to eat at a certain times.

106.  On May 20, 2020 Fictious Defendant # 1 the short dumpy black kitchen lady knew Plaintiff Ronald Lewis Mattie had diabetes and had to eat at a certain time.

107.   On May 20, 2020 Plaintiff Ronald Lewis Mattie repeatedly stated over the radio that he was having significant serious low blood sugar issues.

108.  On May 20, 2020 Plaintiff Ronald Lewis Mattie repeatedly stated over the radio that he needed to be relieved because he felt like he was going to pass out and go into a coma due to low blood sugar levels.

109. After first refusing to provide Plaintiff Ronald Lewis Mattie food and after Plaintiff Ronald Lewis Mattie on May 20, 2020 unidentified employee # 1 (the short dumpy black kitchen lady) brought Plaintiff Ronald Lewis Mattie a carton box full of food which weighed about ten (10) pounds with intentionally excessive eggs, grits and bacon.

110. After finally getting the food to correct his low blood sugar needed Plaintiff Ronald Lewis Mattie ate enough to raise his blood sugar. Then threw the rest of the intentionally over loaded carton of food in the trash.

111.   On May 20, 2020 one of Defendant Sequel Youth and Family Services, LLC's black kitchen ladies (unidentified employee #1/the short dumpy one)

screamed racist slurs at Plaintiff Ronald Lewis Mattie on his last day at the

St. Johns Youth Academy as he was trying to clock out and leave the facility.

112. On May 20, 2020 one of Defendant SequelCare of Florida,

LLC's black kitchen ladies (Fictious Defendant #1/the short dumpy one)

*"screamed racist slurs"* at Plaintiff Ronald Lewis Mattie on his last day at the

St. Johns Youth Academy as he was trying to clock out and leave the facility.

113. On May 20, 2020 Plaintiff Ronald Lewis Mattie as he was attempting to

clock out and leave the facility" *was repeatedly taunted and threatened by*

*numerous employees"* of Defendant Sequel Youth and Family Services,

LLC's black employees.

114. On May 20, 2020 Plaintiff Ronald Lewis Mattie as he was attempting to

clock out and leave the facility was "*repeatedly taunted and threatened by*

*numerous employees"* of Defendant SequelCare of Florida, LLC's black

employees.

115.  On May 20, 2020 a line of Defendant Sequel Youth and Family Services,

LLC 's black employees lined up and were "*screaming racial slurs, taunts*

*and threats"* as Plaintiff Ronald Lewis Mattie was attempting to leave St.

John's Youth Facility.

116. On May 20, 2020 a line of Defendant SequelCare of Florida, LLC black

employees lined up and were "*screaming racial slurs, taunts and threats"*

as Plaintiff Ronald Lewis Mattie was attempting to leave St. John's Youth

Facility.

117.   On May 20, 2020 a line of Defendant Sequel Youth and Family Services, LLC's black employees called Plaintiff Ronald Lewis Mattie a cracker, a honky and "you ain't shit."

118.   On May 20, 2020 a line of Defendant SequelCare of Florida, LLC's black employees called Plaintiff Ronald Lewis Mattie a cracker, a honky and "you ain't shit."

119.   Plaintiff was "***falsely imprisoned***" again on May 20, 2020, by not being allowed out of the POD for over two (2) hours after his scheduled shift ended while his blood sugar was dropping to dangerous levels.

120.   Plaintiff was repeatedly "***falsely imprisoned***" hour after hour after his scheduled shift while his blood sugar was dropping to dangerous life threatening levels.

121.   That the repeated "***false imprisonment"*** by Defendant Sequel Youth and Family Services, LLC's was in gross violation of Plaintiff Ronald Lewis Mattie's Type 2 Diabetes level of tolerance.

122.   That the repeated "***false imprisonment"*** by Defendant SequelCare of Florida, LLC's was in gross violation of Plaintiff Ronald Lewis Mattie's Type 2 2 Diabetes level of tolerance.

123.   On the morning of May 20, 2020 after working all night. A juvenile delinquent youth #1 (Who will be identified as the Court directs) started screaming at the

top of his lungs over and over that he *"was going to rape my only daughter and her mother then murder them."*

124. The only reason a juvenile delinquent youth #1 (Who will be identified as the Court directs.) "*was screaming he was going to rape and murder Plaintiff Ronald Lewis Mattie's only child and her mother was merely because Plaintiff Ronald Lewis Mattie would not let him out of his cell early when he demanded as instructed in person and via the radio."*

125. Paragraphs 123 and 124 is just one of many times Juvenile Delinquent Youth Tremaine Griffin threatened my family and I with serious violent crimes for my simply doing my job.

126. Rape and murder is a serious felony assault and capital murder crime.

127. To this day the employed staff for Defendant Sequel Youth and Family Services, LLCs failed and refused to address the crimes committed against Plaintiff Ronald Lewis Mattie.

128. To this day the employed staff for Defendant SequelCare of Florida, LLC failed and refused to address the crimes committed against Plaintiff Ronald Lewis Mattie.

129. Uttering that you are going to rape and murder two (2) people is a crime in in and of itself.

130. The Administration staff at Defendant Sequel Youth and Family Services,

LLC had been advised repeatedly of the threats, assaults, abuse and crimes in writing by Plaintiff Ronald Lewis Mattie.

131. The Administration staff at Defendant SequelCare of Florida, LLC, had been advised repeatedly of the threats, assaults, abuse and crimes in writing by Plaintiff Ronald Lewis Mattie.

132. Defendant Sequel Youth and Family Services, Inc.'s never disciplined the Juvenile Delinquent (Who will be identified as the Court directs), who screamed at the top of his lungs he was going to rape and murder Plaintiff Ronald Lewis Mattie's daughter and mother in any fashion whatsoever concerning these matters.

133. Defendant SequelCare of Florida, Inc.'s never disciplined the Juvenile Delinquent (Who will be identified as the Court directs), who "**screamed at the top of his lungs he was going to rape and murder Plaintiff Ronald Lewis Mattie's daughter and mother"** in any fashion whatsoever concerning these matters.

134. On May 20, 2020 as Plaintiff Ronald Lewis Mattie was attempting to leave St. John's Youth Academy when Black Youth Care Worker Supervisor, ex-State Champion wrestler, Supervisor Mr. Smith, whom is much younger than Plaintiff Ronald Lewis Mattie, Mr. Smith, waited for Plaintiff Ronald Lewis Mattie to leave out the last lock outdoor then "**charged to attack me"** for no justifiable reason whatsoever.

-20-

135. Charging someone to attack them is a crime of assault in and of itself.

136. The obese, racist, black, always verbal abusive Unidentified Employee #
    2/Master Control lady was *screaming racist taunts, threats and screaming
    at me, "You ain't shit"* as I was leaving St. John's Youth Academy.

137. The obese, short, black, racist Kitchen lady/unidentified employee #1 left her
    kitchen post to *scream racist taunts, threats and yelling at me, "You are
    not shit."*

138. On May 20, 2020 the third (3rd) in command at St. Johns Youth Academy
    was Mr. McKinnon.

139. Mr. McKinnon ran outside to Plaintiff Ronald Lewis Mattie as he was
    approaching his car to leave.

140. Mr. McKinnon and Plaintiff Ronald Lewis Mattie had a ten (10) to fifteen
    (15) minute conversation. Before Plaintiff Ronald Lewis Mattie got in his
    car and left.

141. Mr. McKinnon told Plaintiff Ronald Lewis Mattie that "*he had heard the
    racist comments, threats and verbal abuse* directed at Plaintiff Ronald
    Lewis Mattie."

142. Mr. McKinnon told Plaintiff Ronald Lewis Mattie that "*he had seen the
    racist comments, threats and verbal abuse directed at Plaintiff Ronald
    Lewis Mattie."*

143. Mr. McKinnon admitted the misconduct of Defendant Sequel Youth and

Family Services, Inc.'s staff to Plaintiff Ronald Lewis Mattie.

144.     Mr. McKinnon told Plaintiff Ronald Lewis Mattie that the misconduct by

Defendant Sequel Youth and Family Services, Inc.'s would be

appropriately addressed.

145.     Mr. McKinnon Plaintiff Ronald Lewis Mattie that Juvenile Delinquent

Tramaine Griffin would be left in his cell for punishment for his

misconduct.

146.     Mr. McKinnon apologized to Plaintiff Ronald Lewis Mattie for the

misconduct of Defendant Sequel Youth and Family Services, Inc.'s staff

*and to call him the next day.* I called the next day.

147.     I called Mr. McKinnon the next day as he requested. We had the follow up

conversation on the phone when he told me that not only did they want

me to stay, *but "they all wanted to help me get a Florida law license."*

148.     He went onto say *"the Administrative staff and Sequel still wanted me to*

*work there and that we would all meet to discuss his staffs' misconduct*

*and how we would all make it work before my next shift."*

149.     When I called him back he told me, "*We all were just discussing you."*

*"We still want you to work here."*

150.     *"We want you to come in at 5 p.m. so we can discuss the best way to*

*move forward before you "start" your next shift."*

151.     Plaintiff Ronald Lewis Mattie went to the St. Johns Youth Academy on

May 21, 2020 for the scheduled meeting Mr. McKinnon set up.

152.    When Plaintiff Ronald Lewis Mattie arrived nobody claimed to know

anything about any meeting whatsoever.

153.    Mr. McKinnon was no where to be seen when I arrived to the hearing he

said he set and would attend.

154.    Ms. Kirkman told me to wait outside and they would call me in when my

supervisor Mr. Johnson got there.

155.    Plaintiff Ronald Lewis Mattie waited in his car until he saw Mr. Johnson

come in and followed him in the building.

156.    When Plaintiff Ronald Lewis Mattie walked in the Administrative Office

Plaintiff heard Ms. Kirkman, Mr. Johnson and Orvando Freeman in

Director Orvando Freeman's Office talking, plotting against Plaintiff Ronald

Lewis Mattie.

157.    They were making racist comments about Plaintiff Ronald Lewis Mattie,

plotting to lie and terminate Plaintiff Ronald Lewis Mattie.

158.    They then started trashing other employees, including Ms. Ramos,

another Youth Care Worker.

159.    Ms. Ramos has repeatedly *complained* about similar misconduct directed

at her.

160.    After a while the door opened and they called me in.

161.    When I entered Orvando Freeman said "***he knew nothing about any of***

*the incidents at issue.*

162.     Orvando Freeman made "*disparaging racial comments*."

163.     Orvando Freeman then disrespectfully, summarily *without any*

*legitimate reason whatsoever, "wrongfully terminated me* on May 21,

**2020**" without doing any investigation whatsoever.

164.     Orvando Freeman who is close to seven (7) feet, tall, obese, black man.

165.     Orvando Freeman proceeded to hover over Plaintiff Ronald Lewis Mattie,

*threatening him, taunting me about a cover-up and shoving me out*

*of the facilities, while taunting him "his friends would take care of*

*this."*

166.     Orvando Freeman also made clear that *juvenile delinquent #*

*1 (*Identity to be revealed as the Court directs) "**who screamed**

**he was going to rape and murder my daughter and her mother over**

**and over why I was having a serious low blood sugar level the staff at**

**Defendant Sequel Youth and Family Services were well aware of, was**

**not disciplined at all and that he felt he did nothing wrong."**

167.     Plaintiff Ronald Lewis Mattie then proceeded to follow-up with the Florida

Department of Juvenile Justice orally and in writing.

168.     One time I had not even said a word for a long time and was sitting in a

chair observing. A black juvenile delinquent youth # 2 (Who will be

identified as the Court directs) took a ball and threw it from a short distance

as hard as he could slamming it into my face with it causing a high level of pain, anguish and embarrassment.

169.     When I demanded he be properly disciplined I was screamed at and verbally abused by the black racist staff member with a recovering broken leg.  Who had been screaming at the youths all day.  She appalling tried to blame me on the battery by the black juvenile delinquent youth # 2.

170.     Defendant Sequel Youth and Family Service, LLC's "**HR Manager Jennifer West wrote a complete fraudulent subsequent cover-up letter dated after Plaintiff Ronald Lewis Mattie was terminated on Wednesday May 21, 2020.**"

171.     Defendant SequelCare of Florida, LLC's "**HR Manager Jennifer West wrote a complete fraudulent subsequent cover-up letter dated after Plaintiff Ronald Lewis Mattie was terminated on Wednesday May 21, 2020.**"

172.     Plaintiff Ronald Lewis Mattie *was repeatedly told he was doing a good job during his tenure* at St. Johns Youth Academy.

173.     Jennifer West conducted a two (2) second post termination sham investigation in which Plaintiff Ronald Lewis Mattie was never even contacted about.

174.     There was no investigation before Defendant Orvando Freeman's wrongful termination of Plaintiff Ronald Lewis Mattie on May 21, 2020.

175. *"HR Manager Jennifer West fake investigation was orchestrated to cover-up Director Orvando Freeman's wrongful termination on May 21, 2020.*

176. Defendant Youth and Family Health Services, LLC **put the lives and welfare of the YCWs at risk "all the time."**

177. Defendant SequelCare of Florida, LLC **put the lives and welfare of the YCWs at risk "all the time."**

178. HR Director Jennifer West and Defendant Sequel Youth and Family Services, LLC.'s staff at St. John's Youth Academy "***maliciously and Defamatorily"*** called the St. John's Sheriff's Department on Plaintiff Ronald Lewis Mattie for absolutely no justifiable reason other to harass and intentionally inflict emotional distress upon me.

179. HR Director Jennifer West and SequelCare of Florida, LLC.'s staff at St. John's Youth Academy "***maliciously and defamatorily"*** called the St. John's Sheriff's Department on Plaintiff Ronald Lewis Mattie for absolutely no justifiable reason other to harass and intentionally inflict emotional distress upon me.

180. On Friday May 29, 2020 a Sheriff's Deputy named Soderland called me and started harassing me.

181. Plaintiff Ronald Lewis Mattie responded by having a detailed conversation with the St. John's Sheriff Department, Internal Affairs Department the

following Monday morning.   Immediately after being wrongfully terminated for the reasons set forth above and below.  I filed the complaint with the St. Johns Sheriff Department on May 20, 2020. The Police Report Number is SJS020CAD095101.

182.    Defendants Sequel Youth and Family Services, LLC's and SequelCare of Florida, LLC Staff at St. John's Youth Academy has also grossly and unlawfully violated the federal and state wage and hour laws.

183.    Defendants Sequel Youth and Family Services, LLC's and SequelCare of Florida, LLC staff has repeatedly *"unlawfully falsely imprisoned me"* and others *"many"* times by unlawfully refusing to let me leave the facility when my scheduled twelve (12) hour shift is over.

184.    Defendant Sequel Youth and Family Services, LLC knowing I had/have a medical condition I was recently hospitalized for an entire weekend that could kill Plaintiff Ronald Lewis Mattie.

185.     Proper rest is part of the treatment for Plaintiff Ronald Lewis Mattie diabetes condition.

186.    Taking his mandatory medications on a "timely" basis is part of Plaintiff. Ronald Lewis Mattie's mandatory treatment for his diabetes condition.

187.    Defendant Sequel Youth and Family Services, LLC's misconduct set forth in this Common to all Counts was gross, reckless endangerment and a complete callous disregard for Plaintiff Ronald Lewis Mattie's life itself repeatedly.

188.     Defendant SequelCare of Florida, LLC's misconduct set

forth in this Common to all Counts was gross, reckless endangerment and a complete callous disregard for Plaintiff Ronald Lewis Mattie's life itself repeatedly.

189. Defendant Sequel Youth and Family Services, LLC has also unlawfully converted and stolen the twenty (20) hour paid time off money that accrued and Sequel irrefutably owes me.

190. Defendant SequelCare of Florida, LLC has also unlawfully converted and stolen the twenty (20) hour paid time off money that accrued and Sequel irrefutably owes me.

191. Defendant Sequel Youth and Family Services, LLC was not paid a $240.00 payout for my accrued and earned paid time off.

192. Defendant SequelCare of Florida, LLC has also unlawfully converted and stolen the twenty (20) hour paid time off money that accrued and Sequel irrefutably owes me.

193. Almost all of the Defendant Sequel Youth and Family Services, LLC employees at the St. Johns Youth and Family Youth Services facility are black.

194. Almost all of the Defendant SequelCare of Florida, LLC employees at the St. Johns Youth and Family Youth Services facility are black.

195. Almost all the teenage youth juveniles incarcerated at St. John's Youth Academy are black.

<u>CAUSES OF ACTION</u>.

<u>COUNT I – DIABETES DISABILITY DISCRIMINATION : SEQUEL
YOUTH AND FAMILY SERVICES AND SEQUELCARE OF FLORIDA, LLC</u>

Plaintiff Ronald Lewis Mattie pursuant to Title VII of the Civil Rights Act of

1964, as amended and the Americans with Disability Act Amendments Act.

(ADAAA) of 2008, Americans with Disabilities Act of 1990, as codified, 42 U.S.C.

§§ 12112 to 12117, Equality Act of 2010 a Disability Discrimination and the 4, 5th

and 14th Amendment to the United States Constitution for this Disability

Discrimination cause of action against Defendants Sequel Youth and Family

Services, LLC and SequelCare of Florida, LLC as grounds of support says below.

196. Plaintiff Ronald Lewis Mattie incorporates paragraphs 3-4, 7-8, 9-18, 20-21,
57-73-77, 83-90, 107-110, 119-122, 166 and 184-186 as if fully set forth
herein.

197.  Plaintiff Ronald Lewis Mattie provided his medical records reflecting his
serious Type 2 Diabetes and his limitations as a result therefrom to Defendant
Defendant Sequel Youth and Family Services, LLC.

198.  Plaintiff Ronald Lewis Mattie provided his medical records reflecting his
serious Type 2 Diabetes and his limitations as a result therefrom to Defendant
Defendant SequelCare of Florida, LLC.

199.  Plaintiff Ronald Lewis Mattie provided his medical records reflecting his
serious Type 2 Diabetes and his limitations as a result therefrom to Defendant
Defendant SequelCare of Florida, LLC.

200.  Plaintiff Ronald Lewis Mattie repeatedly orally to reinforce to Sequel Youth
and Family Services, LLC that his full tolerance level due to his diabetes was

up at end of his scheduled twelve (12) hour shifts.

201. Plaintiff Ronald Lewis Mattie repeatedly orally reinforced to SequelCare of Florida, LLC that his full tolerance level due to his diabetes was his scheduled twelve (12) hour shifts.

202. Defendant Sequel Youth and Family Services, LLC did willfully and wantonly violate the doctor ordered limitations of Plaintiff Ronald Lewis Mattie.

203. Defendant SequelCare of Florida, LLC did willfully and wantonly violate the doctor ordered medical limitations of Plaintiff Ronald Lewis Mattie.

204. Defendant Sequel Youth and Family Services, LLC refused to provide Plaintiff Ronald Lewis Mattie with reasonable accommodations for him to control the effects of his dangerous and deadly Type 2 Diabetes.

205. Defendant SequelCare of Florida, LLC refused to provide Plaintiff Ronald Lewis Mattie with reasonable accommodations for him to control the effects of his dangerous and deadly Type 2 Diabetes.

206. It is an absolute medical fact that low blood sugar effects mood.

207. As a direct and proximate result of Defendant Youth and Family Services, LLC disability discrimination Plaintiff Ronald Lewis Mattie repeatedly almost went into a diabetic coma due to very low blood sugar levels, was put through emotional and physical abuse, suffered pain, suffering and inconvenience and sustained a deterioration of his medical condition.

208. As a direct and proximate result of Defendant SequelCare of Florida, LLC disability discrimination Plaintiff Ronald Lewis Mattie repeatedly almost went

into a diabetic coma due to very low blood sugar levels, was put through emotional and physical abuse, wrongful termination, loss wages, suffered pain, suffering and inconvenience and sustained a deterioration of his medical condition.

WHEREFORE, Plaintiff Ronald Lewis Mattie prays that a judgment be entered for compensatory damages in the amount of $52.240.00 and punitive damages in the amount of $ 250,000.00 million dollars, plus court costs and litigation costs against Defendants Sequel Youth and Family Services, LLC and SequelCare of Florida, LLC joint and severely.

COUNT II - RACIAL DISCRIMINATION: DEFENDANTS SEQUEL YOUTH AND FAMILY SERVICES, LLC AND SEQUELCARE OF FLORIDA, LLC

Plaintiff Ronald Lewis Mattie pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin an Age Discrimination cause of actions), The Equality Act of 2010 and the 4th, 5th and 14th Amendment of the United States Constitution against Defendants Sequel Youth and Family Services, LLC and SequelCare of Florida, LLC and as grounds of support says below.

209. Plaintiff Ronald Lewis Mattie incorporates paragraphs 3-4, 8-18, 20-21, 23-25, 57-73, 74-7792-,157, 160-182 and 192 as if fully set forth herein.

210. Defendant Sequel Youth and Family Services, LLC kept falsely imprisoning Plaintiff Ronald Lewis Mattie base on race considerations past his shift allowing other black and hispanic younger Youth Care Workers with no disability to leave after their twelve (12) hour shifts.  While mandating Plaintiff

-31-

Ronald Lewis Mattie against the instructions in his medical records to cover the job assignments of late arriving black and hispanic employees.

211. Defendant SequelCare of Florida, LLC kept falsely imprisoning Plaintiff Ronald Lewis Mattie base on race considerations past his shift allowing other black and hispanic younger Youth Care Workers with no disability to leave after their twelve (12) hour shifts.  While mandating Plaintiff Ronald Lewis Mattie against the instructions in his medical records to cover the job assignments of late arriving black and hispanic employees.

212. Defendant Sequel Youth and Services, LLC terminated Plaintiff Ronald Lewis Mattie on May 21, 2020 for racial reasons.

213. Defendant SequelCare of Florida, LLC terminated Plaintiff Ronald Lewis Mattie on May 20, 2020 for racial reasons.

214. Defendant Sequel Youth and Family Services, LLC employees racially harassed, threatened, screamed racial slurs, shamed and terrorized Plaintiff Ronald Lewis Mattie as he was trying to leave his last day of work at Defendant Sequel Youth and Family Services, LLC.

215. Defendant SequelCare of Florida, LLC employees racially harassed, threatened, screamed racial slurs, shamed and terrorized Plaintiff Ronald Lewis Mattie as he was trying to leave his last day of work at Defendant Sequel Youth and Family Services, LLC.

216. Defendant Sequel Youth and Family Services, LLC wrongfully terminated Plaintiff Ronald Lewis Mattie in retaliation for standing up to and reporting all

-32-

the racial discrimination set forth in the United States District Court Complaint.

217. Defendant SequelCare of Florida, LLC wrongfully terminated

Plaintiff Ronald Lewis Mattie in retaliation for standing up to and reporting all

the racial discrimination set forth in the United States District Court Complaint.

218. As a direct and proximate result of being racially discriminated against Plaintiff

Ronald Lewis Mattie repeatedly went through humiliation, almost went into a

diabetic coma due to very low blood sugar levels, was put through emotional

and physical abuse, wrongful termination, loss wages, suffered pain, suffering

and inconvenience and sustained a deterioration of his medical condition.

WHEREFORE, Plaintiff Ronald Lewis Mattie prays that a judgment be

entered for compensatory damages in the amount fifty-two thousand two

hundred forty dollars ($52,240.00) and two hundred and fifty million dollars

($250,000,000.00) in punitive damages, plus court costs and litigation costs

against Defendants Sequel Youth and Family Services, LLC and SequelCare

of Florida, LLC joint and severely.

.

COUNT-III-FALSE IMPRISONMENT: DEFENDANTS SEQUEL YOUTH AND
SERVICES, LLC AND SEQUELCARE OF FLORIDA, LLC

Plaintiff Ronald Lewis Mattie hereby files a False Imprisonment cause of

action against Defendants Sequel Youth and Family Services, LLC and

SequelCare of Florida, LLC and as grounds of support says below.

203. Plaintiff Ronald Lewis Mattie incorporates paragraphs 3-4, 7-8, 20-21, 23-25,

35-36, 57-91, 119-122 and 183 as if fully set forth herein.

204. Defendant Sequel Youth and Family Services, LLC was advised through

medical records that Plaintiff Ronald Lewis Mattie had Type 2 Diabetes requiring to be hospitalized all weekend.  Which was life threatening.

205. Defendant SequelCare of Florida, LLC was advised through medical records that Plaintiff Ronald Lewis Mattie had Type 2 Diabetes requiring to be hospitalized all weekend.  Which was life threatening.

206.  The medical records made clear to Defendant Sequel Youth and Family Services, LLC that Plaintiff Ronald Lewis Mattie was only to work as tolerated. Meaning and repeatedly reinforced to Defendant Sequel Youth and Family Services, LLC. that Plaintiff Ronald Lewis Mattie could only medically tolerate his twelve (12) hour shift.

207. The medical records made clear to Defendant SequelCare of Florida, LLC that Plaintiff Ronald Lewis Mattie was only to work as tolerated.  Meaning and repeatedly reinforced to Defendant Sequel Youth and Family Services, LLC. that Plaintiff Ronald Lewis Mattie could only medically tolerate his twelve (12) hour shift.

208. Despite having this prior knowledge Defendant Sequel Youth and Family Services, LLC intentionally let all its younger minority Youth Care Workers leave at their regular twelve (12) hour shifts or shortly thereafter, while holding Plaintiff Ronald Lewis Mattie hours after his scheduled shift in violation of the doctor and medical instructions, often without giving him food or allowing his access to his diabetes medications, holding him with absolutely no means for him to leave.

-34-

209. Despite having this prior knowledge Defendant SequelCare of Florida,
     LLC intentionally let all its younger minority Youth Care Workers leave at their
     regular twelve (12) hour shifts or shortly thereafter, while holding
     Plaintiff Ronald Lewis Mattie hours after his scheduled shift in violation of the
     doctor and medical instructions, often without giving him food or allowing his
     access to his diabetes medications, holding him with absolutely no means for
     him to leave.

210. Defendant Sequel Youth and Family Services, LLC intentionally and
     deliberately falsely imprisoned Ronald Lewis Mattie.

211. Defendant SequelCare of Florida, LLC intentionally and deliberately falsely
     imprisoned Ronald Lewis Mattie.

212. Defendant Sequel Youth and Family Services, LLC while discriminated
     against Plaintiff Ronald Lewis Mattie.  Evidencing clear and absolute malice
     aforethought in falsely imprisoning him.

213. Defendant SequelCare of Florida, LLC while discriminated
     against Plaintiff Ronald Lewis Mattie.  Evidencing clear and absolute malice
     aforethought in falsely imprisoning him.

214. Plaintiff Ronald Lewis Mattie was conscious of being falsely imprisoned
     and the grossly detrimental effect and invasion on his person and medical
     condition and health.

215. Throughout Defendant Sequel Youth and Family, LLC showed and
     continue to show ZERO conscious or remorse for this horrendous conduct.
     Evidencing clear and irrefutable malice and aforethought.

216. Throughout Defendant SequelCare of Florida, LLC showed and
continue to show ZERO conscious or remorse for this horrendous conduct.
Evidencing clear and irrefutable malice and aforethought.

217. As a direct and proximate result of being falsely imprisoned Plaintiff
Ronald Lewis Mattie repeatedly almost went into a diabetic coma due to very
low blood sugar levels, was put through emotional and physical abuse,
wrongful termination, loss wages, humiliation, suffered pain, suffering and
inconvenience and sustained a deterioration of his medical condition.

WHEREFORE, Plaintiff Ronald Lewis Mattie prays that a judgment be
entered for compensatory damages in the amount of fifty-two thousands two
hundred forty dollars ($52,240.00) and two hundred fifty million two hundred
dollars ($250,000,000.00) in punitive damages in the amount of fifty-two
thousand two hundred and forty dollars $52,240.00 plus court costs and litigation
costs against Defendants Sequel Youth and Family Services, LLC and Sequel-
Care of Florida, LLC joint and severely.

COUNT IV - BREACH OF CONTRACT: DEFEDANTS SEQUEL YOUTH AND
FAMILY SERVICES AND SEQUEL CARE OF FLORIDA, LLC

Plaintiff Ronald Lewis Mattie hereby files a Breach of Contract cause of
action against Defendants Sequel Youth and Family Services, LLC and
SequelCare of Florida, LLC and as grounds of support says below.

218. Plaintiff Ronald Lewis Mattie incorporates paragraphs 3-4, 7-8, 20-21, 23-
25, 30-91, 138-157, 160-192 as if fully set forth herein.

219. Plaintiff Ronald Lewis Mattie went to work for Defendant Sequel Youth

and Family Services, LLC on February 17, 2020.

220.  Plaintiff Ronald Lewis Mattie went to work for Defendant Sequel Care of Florida, LLC on February 17, 2020.

221.  Defendant Sequel Youth and Family Services, LLC binding Policy Manual controlled and was the contractual provisions of the employment relationship between them and Ronald Lewis Mattie.

222.  Defendant SequelCare of Florida, LLC binding Policy Manual controlled and was the contractual provisions of the employment relationship between them and Ronald Lewis Mattie.

223.  Defendant Sequel Youth and Family Services, LLC intentionally and maliciously violated and breached numerous provisions of the binding Employment Manual between them and Plaintiff Ronald Lewis Mattie

224.  Defendant SequelCare of Florida, LLC intentionally and maliciously violated and breached numerous provisions of the binding Employment Manual between them and Plaintiff Ronald Lewis Mattie.

225.  Plaintiff Ronald Lewis Mattie gave Defendant Sequel Youth and Family Services, LLC repeated opportunities to cure its contractual breaches.

226.  Plaintiff Ronald Lewis Mattie gave Defendant Sequel Care of Florida, LLC Services, repeated opportunities to cure its contractual breaches.

227.  Despite being given repeated opportunities to cure its breaches Defendant Youth and Family Services, LLC refused and continued to refuse to cure the same.

228.  Despite being given repeated opportunities to cure its breaches Defendant

SequelCare of Florida, LLC refused and continued to refuse to cure the same.

229. As a result of these breaches Defendant Sequel Youth and Family Services, LLC refused and continues to pay Plaintiff Ronald Lewis Mattie his accrued paid time off in the amount of $240.00.

230. As a result of these breaches Defendant SequelCare of Florida, LLC refused and continues to pay Plaintiff Ronald Lewis Mattie his accrued paid time off in the amount of $240.00.

. 231. As a direct, proximate and consequential result of the breaches of its contract with Plaintiff Ronald Lewis Mattie.  Defendant Sequel Youth and Family Services, LLC has caused Plaintiff Ronald Lewis Mattie to sustain fifty-two thousand dollars in loss wages and deterioration of his medical condition.  As well as was put through emotional and physical abuse, wrongful termination, pain, suffering and inconvenience.

232. As a direct, proximate and consequential result of the breaches of its contract with Plaintiff Ronald Lewis Mattie.  Defendant SequelCare of Florida, LLC has caused Plaintiff Ronald Lewis Mattie to sustain fifty-two thousand dollars in loss wages and deterioration of his medical condition.  As well as was put through emotional and physical abuse, wrongful termination, pain, suffering and inconvenience.

WHEREFORE, Plaintiff Ronald Lewis Mattie prays that a judgment be entered for compensatory damages in the amount of fifty-two thousands two

hundred forty dollars and two hundred forty ($52,240.00) plus court costs and litigation costs against Defendants Sequel Youth and Family Services, LLC and SequelCare of Florida, LLC joint and severely.

### COUNT V-ASSAULT AND BATTERY DEFENDANTS ORVANDO FREEMAN, SEQUEL YOUTH AND FAMILY SERVICES, LLC AND SEQUEL CARE OF FLORIDA, LLC

Plaintiff Ronald Lewis Mattie hereby files an Assault and Battery cause of action against Defendants Orvando Freeman, Sequel Youth and Family Services, LLC and SequelCare of Floirda, LLC and as grounds of support says below.

233. Plaintiff Ronald Lewis Mattie incorporates paragraphs 3-4, 7-8, 9-18, 20-21, 23-29, 35-36, 57-77, 134 -135, 168 as if fully set forth herein.

234. That Defendant Orvando Freeman did intentionally, willfully and wantonly push and shove Plaintiff Ronald Lewis Mattie out of his office violently during the course of a meeting in Orvando Freeman's Office where he wrongfully terminated Plaintiff Ronald Lewis Mattie.

235. That Defendant Orvando Freeman did intentionally wilfully and wantonly offensively and violently did shove and push Plaintiff Ronald Lewis Mattie out of his office to hurt, humiliate, embarrass and intimidate him.

236. That Defendant Orvando Freeman did in fact assaulted and battered Plaintiff Ronald Lewis Mattie causing offensive contact and pain upon Plaintiff Ronald Lewis Mattie.

237. That Defendant Orvando Freeman saw to it that none of the juvenile delinquent

youths were ever disciplined when they assaulted, were overly aggressive, abused and threatened Plaintiff Ronald Lewis Mattie.

238.    As a direct and proximate result of Plaintiff Ronald Lewis Mattie being assaulted and battered as set forth in this Count and above, Plaintiff Ronald Lewis Mattie did sustain humiliation, pain, suffering, emotional distress, embarrassment and inconvenience.

WHEREFORE, Plaintiff Ronald Lewis Mattie prays that a judgment be entered for compensatory damages in the amount of fifty-two thousands to hundred forty dollars ($52,240.00) and two hundred and fifty million dollars ($250,000,000.00) punitive damages in the amount of fifty-two thousand two hundred and forty dollars ($52,240.00) plus court costs and litigation costs against Defendants Orvando Freeman, Sequel Youth and Family Services, LLC and SequelCare of Florida, LLC, and joint and severely.

VI-NEGLIGENCE:DEFENDANTS SEQUEL YOUTH AND FAMILY SERVICES, LLC AND SEQUELCARE OF FLORIDA, LLC

Plaintiff Ronald Lewis Mattie hereby files a Negligence cause of action against Defendants Sequel Youth and Family Services, LLC and Sequel-Care of Florida, LLC and as grounds of support says below.

239. Plaintiff Ronald Lewis Mattie incorporates paragraphs 3-4, 7-8, 9-18, 20-21, 23-25, 35-36, 57-91, 187-188 as if fully set forth herein.

240. Defendant Sequel Youth and Family Services, LLC knows that the Youth Care Worker Position is a dangerous and precarious position.  Due to the criminal background and violent aggressiveness of the maximum-security juvenile

delinquents being detained there.

241. Defendant SequelCare of Florida, LLC knows that the Youth Care
Worker Position is a dangerous and precarious position.  Due to the criminal back
ground and violent aggressiveness of the maximum-security juvenile delinquents
being detained there.

242. Defendant Sequel Youth and Family Services, LLC had a duty to protect their
Youth Care Workers from violence and physical abuse from the maximum security
juvenile delinquents.

243. Defendant SequelCare of Florida, LLC had a duty to protect their
Youth Care Workers from violence and physical abuse from the maximum security
juvenile delinquents.

244. As set forth above in this Complaint. Defendant Sequel Youth and Family Services,
LLC has repeatedly breached that duty to Plaintiff Ronald Lewis Mattie who as a
white man was a high minority in this maximum-security facility.

245. As set forth above in this Complaint. Defendant SequelCare of Florida, LLC has
repeatedly breached that duty to Plaintiff Ronald Lewis Mattie who as a white man
was a high minority in this maximum-security facility.

246. As a direct and proximate result of Defendant Sequel Youth and Family Services,
LLC negligence as set forth in this Count and above, Plaintiff Ronald
Lewis Mattie did sustain, pain, suffering, humiliation, embarrassment, loss wages,
Inconvenience, physical abuse, wrongful termination, loss wages, suffered pain,
and sustained a deterioration of his medical condition.

-41-

247. As a direct and proximate result of Defendant SequelCare of Florida, LLC

negligence as set forth in this Count and above, Plaintiff Ronald

Lewis Mattie did sustain pain, suffering, humiliation, embarrassment, loss wages

inconvenience, physical abuse, wrongful termination, loss wages, and sustained a

deterioration of his medical condition.

   WHEREFORE, Plaintiff Ronald Lewis Mattie prays that a judgment be entered for

compensatory damages in the amount of fifty-two thousands two hundred and

forty dollars ($52,240.00), plus court costs and litigation costs against Defendants

Sequel Youth and Family Services and SequelCare of Florida, LLC joint and

severely.

### VII-GROSS NEGLIGENCE: DEFENDANTS SEQUEL YOUTH AND FAMILY SERVICES, LLC AND SEQUELCARE OF FLORIDA, LLC

   Plaintiff Ronald Lewis Mattie hereby files a Gross Negligence cause of

action against Defendants Sequel Youth and Family Services, LLC and

SequelCare of Florida, LLC and as grounds of support says below.

248. Plaintiff Ronald Lewis Mattie incorporates paragraphs 3-4, 7-8, 9-18, 20-21, 23-

25, 35-36, 57-91, 187-188 as if fully set forth herein.

249. Defendant Sequel Youth and Family Services, LLC knows that the Youth Care

Worker Position is a dangerous and precarious position.  Due to the criminal

background and violent aggressiveness of the maximum-security juvenile

delinquents being detained there.

250. Defendant Sequel Youth and Family Services, LLC had a duty to protect their

Youth Care Workers from violence and physical abuse from **"the maximimum**

-42-

*Security"* juvenile delinquents.

251. Defendant SequelCare of Florida, LLC had a duty to protect their Youth Care Workers from violence and physical abuse from "*the maximum Security"* juvenile delinquents.

252. As set forth above in this Complaint. Sequel Youth and Family Services, LLC has repeatedly breached that duty to Plaintiff Ronald Lewis Mattie who as a white man was a high minority in this maximum-security facility.

253. As set forth above in this Complaint. SequelCare of Florida, LLC has repeatedly breached that duty to Plaintiff Ronald Lewis Mattie who as a white man was a high minority in this maximum-security facility.

254. As a direct and proximate result of Defendant Sequel Youth and Family Services, LLC gross negligence as set forth in this Count and above, Plaintiff Ronald Lewis Mattie did sustained pain suffering, humiliation, embarrassment, loss wages and inconvenience, physical abuse, wrongful termination, loss wages and sustained a deterioration of his medical condition.

255. As a direct and proximate result of Defendant SequelCare of Florida, LLC gross negligence as set forth in this Count and above, Plaintiff Ronald Lewis Mattie did sustain pain, suffering, humiliation, embarrassment, loss wages, Inconvenience, physical abuse, wrongful termination, loss wages, and sustained a deterioration of his medical condition.

WHEREFORE, Plaintiff Ronald Lewis Mattie prays that a judgment be entered for compensatory damages in the amount of fifty-two thousands two hundred fifty

four dollars ($52,240.00) and two hundred fifty million dollars ($250,000,000.00) in

punitive damages, plus court costs and litigation costs against Defendants Sequel

Youth and Family Services,LLC and Sequel Care of Florida, LLC joint and

severely.

Ronald Lewis Mattie
*Pro se* Plaintiff
ronmattie@aol.com
P.O. Box 721
Saint Augustine, Florida 32085
904-484-8665

## DEMAND FOR A JURY TRIAL

Plaintiff Ronald Lewis Mattie hereby demands all the matters set forth above be tried

before a federal jury.

Ronald Lewis Mattie
*Pro Se* Plaintiff
ronmattie@aol.com
P.O. Box 721
Saint Augustine, Florida 32085
904-484-8665